FULTON LAW CORPORATION
Jeffrey D. Fulton (Bar No. 206466)
3721 Douglas Blvd., Suite 240
Roseville, CA 95661
Telephone:  (916) 993-4900
Facsimile:  (916) 441-5575
Email: JFulton@JFultonLaw.com

SHABBAR LAW, PC
Sean M. Shabbar (Bar No. 320287)
2014 Capitol Avenue, Ste. 25
Sacramento, CA 95811
Tel. (916) 999-5412
Fax (916) 999-1233
E-Mail:  Sean@shabbarlaw.com

Attorneys for Plaintiff Anna Hemstalk

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ANNA HEMSTALK,<br><br>          Plaintiff,<br><br>vs.<br><br>SKYWEST AIRLINES, INC. and DOES 1 through 100, inclusive,<br><br>          Defendants. | Case No.:  3:26-CV-01538<br><br>**COMPLAINT FOR DAMAGES**<br><br>1. **WHISTLEBLOWER RETALIATION**<br>2. **DISABILITY DISCRIMINATION**<br>3. **FAILURE TO REASONABLY ACCOMMODATE**<br>4. **FAILURE TO ENGAGE IN INTERACTIVE PROCESS**<br>5. **RETALIATION**<br>6. **FAILURE TO PREVENT RETALIATION / DISCRIMINATION**<br>7. **SICK LEAVE RETALIATION**<br>8. **WRONGFUL TERMINATION IN VIOLATION OF PUBLIC POLICY**<br><br>**JURY TRIAL DEMANDED** |

**COMPLAINT**

Plaintiff ANNA HEMSTALK ("Plaintiff" or "Ms. Hemstalk") complains and alleges as follows:

## INTRODUCTION

1.     This case arises from Defendant SKY WEST AIRLINE, INC.'S ("SkyWest") decision to allow a visibly intoxicated flight attendant to operate scheduled passenger flights and then retaliate against the employee who reported it. On November 18, 2024, Plaintiff Anna Hemstalk, a newly hired flight attendant, observed her lead instructor slurring her words, reeking of alcohol, and stumbling through basic safety procedures while responsible for the lives of more than seventy passengers.  Despite Plaintiff's immediate reports to her captain, SkyWest management, and ultimately the Federal Aviation Administration, SkyWest permitted the impaired flight attendant to continue flying that day.

2.     Instead of commending Plaintiff for safeguarding passengers, SkyWest turned on her. In the weeks that followed, Plaintiff was berated by managers, told she had "involved too many people" by using official reporting channels, accused of being "not a reliable employee," and even pressured by a manager to forge official workers' compensation paperwork.  She was placed on unpaid leave, stripped of health benefits, denied medical treatment, and repeatedly threatened with the loss of her job.

3.     By January 2025, SkyWest and its administrators were pressuring Plaintiff's physician to clear her for duty prematurely, despite ongoing medical restrictions.  Having been denied pay, benefits, and basic protection after performing her duty to report serious safety violations, Plaintiff was left with no real choice but to separate from her employment.

4.     This lawsuit seeks to hold SkyWest accountable for retaliating against a whistleblower who did exactly what flight attendants are trained and obligated to do: protect the safety of passengers.

## JURISDICTION & VENUE

5.     This is a civil action in which this Court has original jurisdiction under the provisions

1

**COMPLAINT**

of 28 U.S.C. § 1332 and based on diversity jurisdiction in that there is complete diversity of citizenship and the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs. Plaintiff seeks to recover for state law claims arising of the California Labor Code and the Fair Employment and Housing Act as detailed further below.

6. Plaintiff is a citizen of the State of California. Plaintiff is informed and believes that Defendant SKYWEST AIRLINES, INC. is a corporation duly organized and existing by virtue of the law of the State of Utah with its principal place of business in St. George, Utah.

7. Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants conduct business within this District and because a substantial part of the events or omissions giving rise to the claims occurred in this District.

8. Pursuant to Local Rule 3-2(c) and (d), this action is properly assigned to the San Francisco Division of the Northern District of California because a substantial portion of the events giving rise to this dispute occurred in San Francisco, California.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

9. Plaintiff exhausted her administrative remedies by requesting a right to sue letter with the California Civil Rights Department, which issued a right to sue letter. The right to sue letter is attached to this Complaint as **Exhibit A** and it incorporated into this complaint for the limited purpose of demonstrating compliance with Government Code section 12960 and exhaustion of administrative remedies.

## PARTIES

10. Defendants SKYWEST AIRLINES, INC., and DOES 1 through 100 ("Defendants" or "SkyWest") own and operate an airline company, which services flights at San Francisco International Airport.

11. Plaintiff is an individual who was employed by Defendants in California and was based out of the San Francisco International Airport.

12. Plaintiff is not aware of the identities of Defendants DOES 1 through 100, who are responsible for the acts and omissions alleged herein and that caused damage to Plaintiff; therefore,

2
**COMPLAINT**

Plaintiff will amend this Complaint when the true identities of DOES 1 through 100 are ascertained. Plaintiff is informed and believes, and based thereon alleges, that Defendants DOE 1 through 100, inclusive, hereinafter collectively referred to as "Does," acted wrongfully, maliciously, intentionally, and negligently; that each is responsible in some manner for the events and happenings complained of herein; and that the injuries of Plaintiff, as alleged herein, were proximately caused by Does, either through their own conduct or the conduct of their agents and/or employees.

13. Plaintiff is informed and believes, and based thereon alleges, that at all relevant times, each of the Defendants was the joint employer, successor in interest, merging entity, merged entity, subsidiary, acquiring corporation, alter ego and/or a single-enterprise or common-enterprise, with one or more of the other Defendants, and is thereby jointly liable with them for the conduct alleged herein, and/or jointly liable as the agent and/or employee of one or more of each of the other Defendants doing the things hereinafter alleged while acting within the course and scope of such agency and/or employment with the knowledge, advice, permission and consent of each other Defendant.

## FACTUAL ALLEGATIONS

14. Plaintiff Anna Hemstalk was employed as a flight attendant with Defendants. On November 18, 2024, she was assigned to work Trip Q5804A on an ERJ175 aircraft operating United Express flights between San Francisco International Airport (SFO) and Sacramento International Airport (SMF). On that date, she worked alongside lead flight attendant and instructor Christine Titus and a trainee, with Captain Joe Schlather serving as Pilot in Command.

15. During the first leg, Flight UA5683 from SFO to SMF, Plaintiff observed that Titus appeared impaired and failed to follow required procedures. Among other issues, Titus boarded passengers without coordination, left bins unsecured, mishandled door-arming protocols, and neglected a disabled passenger in first class until Plaintiff intervened. In the forward galley, Plaintiff detected a strong odor of alcohol consistent with impairment and noted additional signs such as slurred speech, bloodshot eyes, and unstable movement. After landing, Titus ignored passengers and instead remarked on proper procedures that she herself had not performed.

3
**COMPLAINT**

16.     Between flights, Plaintiff reported her concerns to Captain Schlather, who eventually acknowledged that he could smell alcohol on Titus.  Plaintiff also filed an Irregular Operations Report documenting her observations.  Despite these clear signs of impairment, Defendants permitted Titus to continue on the second flight.

17.     During the return leg, Flight UA5248 from SMF to SFO, additional violations occurred.  Titus allowed gate-checked bags to remain in the cabin, closed the main cabin door without confirming readiness, moved passengers and strapped bags into seats contrary to procedure, and conducted the safety demonstration in a confused and unsteady manner.  Throughout the flight, Titus was visibly unstable and slurred her words.  Plaintiff again reported her concerns to the captain, filed a second Irregular Operations Report in real time, and contacted Inflight Support upon arrival in San Francisco to ensure that Titus would be removed from duty.

18.     Defendants' internal responses were inconsistent.  On November 18, Inflight Standards confirmed receipt of Plaintiff's report, Inflight Support discussed the matter with her, and her early release from duty was initially approved but shortly thereafter rescinded.  In the days that followed, different managers gave contradictory information about Titus's status.  Vernon Smith and later Manager Kathy Merkasian assured Plaintiff that Titus was no longer with the company, yet on December 5, 2024, Employee Relations Manager Jason Pitts informed her that the investigation was closed and that Titus remained employed.   Plaintiff is informed and believes that Titus still actively works as a flight attendant for Defendants.

19.     Separately, and consistent with her reporting obligations concerning safety, Plaintiff reported the November 18 conduct and related violations to the Federal Aviation Administration and cooperated with the agency's investigation. In fact the Federal Aviation Administration investigator encouraged Plaintiff to seek legal counsel given the retaliation she was experiencing at work.

20.     In the weeks following her reports, Defendant subjected Plaintiff to further inconsistent and coercive treatment regarding her employment status and workers' compensation rights.  She was instructed to handle an on-the-job injury claim in a manner later contradicted by workers' compensation representatives and threatened with discipline or separation if she failed to

4
**COMPLAINT**

comply with conflicting directives.

21.    On November 26, 2024, after Plaintiff filed an on-the-job injury claim, she received a phone call from Manager Merkasian. Rather than providing support or guidance, Merkasian spoke in a harsh tone and told Plaintiff that she had "involved too many people" by contacting Inflight Support. In essence, Merkasian reprimanded Plaintiff for following the appropriate protocols and procedures for reporting, as she had been trained to do.

22.    On December 3, 2024, Defendant's Workers' Compensation Manager, Nanette Rivas, escalated matters further. Rivas berated Plaintiff, told her she was "not being viewed as a reliable employee," and claimed she was out of compliance with workers' compensation requirements. Rivas demanded that Plaintiff attend an appointment with a company-approved physician immediately and warned that her probationary status meant she might not remain employed. Rivas further pressured Plaintiff to complete workers' compensation paperwork immediately and, when confronted with time constraints, instructed Plaintiff to forge Rivas's signature on the DWC-1 form.

23.    Plaintiff refused to forge the signature. During this time, Rivas left the office and stopped taking calls, requiring intervention from Inflight Support to compel Rivas to return to sign the paperwork.

24.    On December 4, 2024, Defendant placed Plaintiff on unpaid leave of absence.

25.    Beginning on December 19, 2024, Plaintiff repeatedly contacted Defendant and its workers' compensation administrator regarding therapy appointments. Despite her calls and emails, she was not scheduled for treatment and remained without approved counseling sessions. At the same time, she was informed that her health benefits, which should have taken effect on December 1, 2024, would not be provided to her. The combination of denying her medical coverage and failing to authorize therapy left Plaintiff without the support she needed, evidencing further deliberate measures to retaliate against Plaintiff.

26.    By January 2025, Defendant and its representatives continued to dispute Plaintiff's claims, withheld benefits, and pressed for her return to duty despite her physician's restrictions. On

January 28, 2025, during an appointment with her workers' compensation physician, Plaintiff was informed that Defendant was pressuring the doctor to release her back to duty despite her ongoing medical restrictions. The physician advised her that she was not fit to return and cautioned that the company's insistence was premature. He further suggested that she seek advice from an attorney regarding what he perceived as retaliation.

27. Taken together, Defendant's actions reflect a pattern of retaliation and coercion. After Plaintiff reported that a visibly impaired instructor was allowed to operate passenger flights, Defendant responded by misleading her about the instructor's status, berating her for using proper reporting channels, pressuring her to ignore medical restrictions, cutting off her benefits, and ultimately forcing her out of her position.

28. By the end of January 2025, Plaintiff had been stripped of pay and benefits and treated as though she had resigned, leaving her no real choice but to separate from her employment with Defendants.

29. Plaintiff further alleges that she was subjected to a constructive discharge in that, based on the acts and omissions that Plaintiff has alleged herein, Defendants intentionally created or knowingly permitted working conditions to exist that were so intolerable that a reasonable person in Plaintiff's position would have no alternative except to resign and that Plaintiff resigned because of these working conditions.

## FIRST CLAIM FOR RELIEF

### Whistleblower Retaliation – Cal. Labor Code § 1102.5

### Against All Defendants

30. Plaintiff refers to and incorporates all of the paragraphs of this Complaint as if fully set forth herein.

31. At all relevant times, Plaintiff was employed by Defendants.

32. Plaintiff engaged in activities protected by Labor Code section 1102.5, including the following activities. On November 18, 2024, while working as a flight attendant, Plaintiff observed that her lead instructor, Christine Titus, was visibly impaired while operating scheduled passenger

6

**COMPLAINT**

flights. Plaintiff documented multiple violations of FAA safety regulations, including improper door-arming, unsecured bins, improper baggage handling, and an inability to conduct the safety demonstration. Plaintiff reported her observations and concerns to the captain, submitted Irregular Operations Reports, and contacted Inflight Support. She also reported the conduct to the Federal Aviation Administration and cooperated with its investigation.

33.    Plaintiff had reasonable cause to believe that the conduct she reported constituted violations of federal aviation safety regulations and related state and federal laws designed to protect the health and safety of passengers and crew.  On information and belief, Defendants were aware that Plaintiff had reported these safety violations internally and externally and considered her a whistleblower.

34.    In addition and in the alternative, Plaintiff engaged in protective activity in that Plaintiff also refused to participate in what she perceived was unlawful conduct and refused to forge her signature as instructed on official workers' compensation documents, which she reasonably believed was unlawful, including under the provisions of California Penal Code sections 470, 550 and California Insurance Code section 1871.4.

35.    Plaintiff's participation in protected activity, including the disclosures of safety violations, reporting an intoxicated co-worker, her participation in the investigation, and refusal to forge her signatures, were the reason for Defendants' decision to place her on unpaid leave, deny her benefits, and ultimately force her out of her employment, and/or were a substantial motivating reason for Defendants' decision to do so.

36.    As a result of Defendants' actions, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages.

37.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

38.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according to proof at trial.

**COMPLAINT**

39.    As a proximate result of the acts of Defendants, Plaintiff has suffered and will continue to suffer past and future non-economic damages, including humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

40.    In addition to all other remedies available, Plaintiff seeks statutory penalties pursuant to California Labor Code section 1102.5(f).

41.    Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to California Labor Code section 1102.5(j).

42.    In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures that supervisors and managing agents were required to follow to prevent unlawful conduct. Instead, Defendants, through their agents and managing agents, consciously chose not to follow these procedures and retaliated against Plaintiff for engaging in protected activity. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery. As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant to Civil Code section 3294 in an amount to be proven at trial.

## SECOND CLAIM FOR RELIEF

### Disability Discrimination – Cal. Gov. Code § 12940

### Against All Defendants

43.    Plaintiff refers to and incorporates all of the paragraphs of this Complaint as if fully set forth herein.

44.    At all relevant times, Plaintiff was employed by Defendants.

45.    After reporting safety violations on November 18, 2024, Plaintiff began experiencing acute stress, anxiety, and related medical conditions.  On November 26, 2024, Plaintiff's treating

8

**COMPLAINT**

physician, Dr. Randall Caviness, prescribed medication and provided a note excusing her from work until December 22, 2024.  Defendants were thereby placed on notice that Plaintiff had a medical condition and needed accommodation in the form of leave and medical support.

46.    Rather than provide reasonable accommodation, Defendants failed to honor Plaintiff's physician's note, denied her the use of protected leave, and threatened her job security if she did not return to work prematurely.  On December 3, 2024, Workers' Compensation Manager Nanette Rivas told Plaintiff that she was "not being viewed as a reliable employee," demanded that she disregard her medical restrictions, and threatened that her probationary status meant she might not remain employed.  On December 4, 2024, Defendants placed Plaintiff on unpaid leave of absence and later informed her that her health benefits, which should have taken effect on December 1, 2024, would not be provided while she was on leave.

47.    Defendants also failed to engage in a timely, good-faith interactive process to determine an effective accommodation for Plaintiff's condition.  Instead, Defendants provided contradictory and coercive directives, ignored Plaintiff's medical documentation, and cut off her benefits. Defendants further failed to take reasonable steps to prevent discrimination against Plaintiff based on her disability or perceived disability.

48.    As a result of Defendants' actions, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages.

49.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

50.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according to proof at trial.

51.    As a proximate result of the acts of Defendants, Plaintiff has suffered and will continue to suffer past and future non-economic damages, including  humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching,

**COMPLAINT**

sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

52. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(c)(6).

53. In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures whereby supervisors, officers, directors, and employees were required to follow to prevent this unlawful conduct. Defendants, through their agents and officers, consciously chose not to follow these known procedures, and instead conspired to terminate Plaintiff. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery. As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant to Civil Code section 3294 in an amount to be proven at trial.

## THIRD CLAIM FOR RELIEF

### Failure to Accommodate – Cal. Gov. Code § 12940

### Against All Defendants

54. Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

55. At all relevant times, Plaintiff was employed by Defendants.

56. On November 26, 2024, Plaintiff's treating physician, Dr. Randall Caviness, prescribed medication and provided a note excusing her from work until December 22, 2024, due to acute stress and related conditions. Defendants were thereby placed on notice that Plaintiff had a disability or medical condition and required accommodation in the form of medical leave and continued benefits.

57. Defendants failed to provide reasonable accommodation. Instead of honoring Plaintiff's physician's restrictions and allowing her leave, Defendants placed her on unpaid leave of absence, denied her health benefits that should have commenced on December 1, 2024, and later

**COMPLAINT**

refused to authorize therapy appointments despite Plaintiff's repeated requests. Defendants further pressured Plaintiff to disregard her physician's orders and return to work prematurely and conditioned her continued employment on compliance with contradictory directives that were inconsistent with her medical needs.

58.    By failing to provide a reasonable accommodation for Plaintiff's known disability, Defendants violated Government Code section 12940(m).

59.    As a result of Defendants' actions, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages.

60.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

61.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according to proof at trial.

62.    As a proximate result of the acts of Defendants, Plaintiff has suffered and will continue to suffer past and future non-economic damages, including humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

63.    In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures that supervisors and managing agents were required to follow to prevent unlawful conduct. Instead, Defendants, through their agents and managing agents, consciously chose not to follow these procedures and retaliated against Plaintiff for engaging in protected activity. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery. As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant

to Civil Code section 3294 in an amount to be proven at trial.

### FOURTH CLAIM FOR RELIEF

### Failure to Engage in Interactive Process – Cal. Gov. Code § 12940

### Against All Defendants

64.    Plaintiff realleges and incorporates the preceding paragraphs as though fully set forth herein.

65.    At all relevant times, Plaintiff was employed by Defendants.

66.    On November 26, 2024, Plaintiff's treating physician, Dr. Randall Caviness, prescribed medication and provided a note excusing her from work until December 22, 2024, due to acute stress and related conditions.  This medical documentation placed Defendants on notice that Plaintiff had a disability or medical condition requiring accommodation and triggered Defendants' obligation to engage in a timely, good-faith interactive process with Plaintiff to determine effective accommodations.

67.    Defendants failed to engage in such a process. Rather than discussing Plaintiff's restrictions, reviewing possible accommodations, or working with her to ensure a safe return to duty, Defendants responded with contradictory and coercive directives.  At no time did Defendants engage in a meaningful dialogue to determine how Plaintiff's disability could be reasonably accommodated. By failing to engage in a timely, good-faith interactive process with Plaintiff to determine an effective reasonable accommodation, Defendants violated Government Code section 12940(n).

68.    As a result of Defendants' actions, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages.

69.    Defendants' conduct was a substantial factor in causing Plaintiff's harm.

70.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according to proof at trial.

71.    As a proximate result of the acts of Defendants, Plaintiff has suffered and will

continue to suffer past and future non-economic damages, including humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

72.    In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures that supervisors and managing agents were required to follow to prevent unlawful conduct. Instead, Defendants, through their agents and managing agents, consciously chose not to follow these procedures and retaliated against Plaintiff for engaging in protected activity. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery.  As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant to Civil Code section 3294 in an amount to be proven at trial.

## FIFTH CLAIM FOR RELIEF

### Retaliation – Cal. Gov. Code § 12940

### Against All Defendants

73.    Plaintiff refers to and incorporates all of the paragraphs of this Complaint as if fully set forth herein.

74.    At all relevant times, Plaintiff was employed by Defendants.

75.    On November 26, 2024, Plaintiff's treating physician, Dr. Randall Caviness, prescribed medication and provided a note excusing her from work until December 22, 2024, due to acute stress and related conditions.  Plaintiff's request for leave constituted a request for reasonable accommodation under FEHA and therefore protected activity under Government Code section 12940(h).

76.    Defendants retaliated against Plaintiff for engaging in this protected activity.  Instead of honoring her physician's restrictions, Defendants responded by berating Plaintiff, threatening her

13
**COMPLAINT**

job security, placing her on unpaid leave, cutting off her health benefits, and denying her access to medical treatment.

77.     Defendants' actions in response to Plaintiff's protected activity violated Government Code section 12940(h).

78.     As a result of Defendants' actions, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages.

79.     Defendants' conduct was a substantial factor in causing Plaintiff's harm.

80.     As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according to proof at trial.

81.     As a proximate result of the acts of Defendants, Plaintiff has suffered and will continue to suffer past and future non-economic damages, including  humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

82.     Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(c)(6).

83.     In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures that supervisors and managing agents were required to follow to prevent unlawful conduct. Instead, Defendants, through their agents and managing agents, consciously chose not to follow these procedures and retaliated against Plaintiff for engaging in protected activity. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery.  As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant

to Civil Code section 3294 in an amount to be proven at trial.

## SIXTH CLAIM FOR RELIEF

### Failure to Prevent Discrimination and Retaliation – Cal. Gov. Code § 12940

### Against All Defendants

84. Plaintiff refers to and incorporates all of the paragraphs of this Complaint as if fully set forth herein.

85. At all relevant times, Plaintiff was employed by Defendants.

86. Plaintiff was subjected to discrimination on the basis of disability and perceived disability, and retaliation for requesting accommodation and engaging in other protected activities under FEHA.

87. Defendants, through their managers and supervisors, had a duty under Government Code section 12940(k) to take all reasonable steps to prevent discrimination and retaliation from occurring.

88. Instead, Defendants failed to take any such steps. Defendants allowed Plaintiff to be berated by managers for reporting safety concerns, chastised her for "involving too many people," told her she was "not being viewed as a reliable employee," pressured her to disregard medical restrictions, instructed her to forge official paperwork, and cut off her pay, benefits, and medical treatment. Defendants also failed to conduct any meaningful investigation or remedial action in response to Plaintiff's reports of misconduct and retaliation.

89. By failing to take all reasonable steps to prevent discrimination and retaliation, Defendants violated Government Code section 12940(k).

90. As a result of Defendants' actions and omissions, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages.

91. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

92. As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according

15
**COMPLAINT**

to proof at trial.

93. As a proximate result of the acts of Defendants, Plaintiff has suffered and will continue to suffer past and future non-economic damages, including humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

94. Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Government Code section 12965(c)(6).

95. In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures that supervisors and managing agents were required to follow to prevent unlawful conduct. Instead, Defendants, through their agents and managing agents, consciously chose not to follow these procedures and retaliated against Plaintiff for engaging in protected activity. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery. As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant to Civil Code section 3294 in an amount to be proven at trial.

**SEVENTH CLAIM FOR RELIEF**

**Sick Leave Retaliation – Cal. Labor Code § 233**

**Against All Defendants**

96. Plaintiff refers to and incorporates all of the paragraphs of this Complaint as if fully set forth herein.

97. At all relevant times, Plaintiff was employed by Defendants.

98. On November 26, 2024, Plaintiff's physician, Dr. Randall Caviness, prescribed medication and provided a note excusing her from work until December 22, 2024.

99. Plaintiff utilized or attempted to use her protected sick leave under California law

16

**COMPLAINT**

while excused from work for reasons specified in Labor Code 246.5, including the diagnosis, care, and treatment of Plaintiff's existing health condition or preventative care.

100.   Defendants discriminated against and retaliated against Plaintiff for using her sick leave.

101.   Plaintiff's use or attempted use of protected sick leave was a substantial motivating reason for Defendants' decision to place her on unpaid leave, cut off her benefits, and constructively discharge her employment.

102.   As a result of Defendants' actions, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages.

103.   Defendants' conduct was a substantial factor in causing Plaintiff's harm.

104.   As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according to proof at trial.

105.   As a proximate result of the acts of Defendants, Plaintiff has suffered and will continue to suffer past and future non-economic damages, including  humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

106.   Plaintiff has incurred and continues to incur legal expenses and attorneys' fees and is entitled to an award of attorneys' fees and costs pursuant to Labor Code section 233(e)

107.   In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures that supervisors and managing agents were required to follow to prevent unlawful conduct. Instead, Defendants, through their agents and managing agents, consciously chose not to follow these procedures and retaliated against Plaintiff

17

**COMPLAINT**

for engaging in protected activity. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery. As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant to Civil Code section 3294 in an amount to be proven at trial.

## EIGHTH CLAIM FOR RELIEF

### Wrongful Termination In Violation of Public Policy

### Against All Defendants

108.    Plaintiff refers to and incorporates all of the paragraphs of this Complaint as if fully set forth herein.

109.    At all relevant times, Plaintiff was employed by Defendants.

110.    As outlined above, Defendants' actions violated California's fundamental public policies as evidencing by the underlying causes of actions, which include the policy protecting whistleblowers who report violations of law as reflected in Labor Code section 1102.5, the policy protecting employees who exercise rights under the sick leave laws as reflected in Labor Code sections 233, 234, and 246.5, the policy against discrimination and requiring accommodation of employees with disabilities as reflected in Government Code section 12940 et seq., and the overarching public policy favoring workplace safety, particularly in the context of commercial airline operations, and attempting to force Plaintiff to forge signatures on workers' compensation documents.

111.    As a direct and proximate result of Defendants' conduct, Plaintiff suffered harm, including lost wages and benefits, emotional distress, and other general and special damages. Defendants' conduct was a substantial factor in causing Plaintiff's harm.

112.    As a proximate result of the wrongful conduct of Defendants, Plaintiff has suffered and will continue to suffer past and future economic damages, including losses of past and future earnings, lost employment benefits, and past and future medical expenses, in an amount according to proof at trial.

113.    As a proximate result of the acts of Defendants, Plaintiff has suffered and will

18

**COMPLAINT**

continue to suffer past and future non-economic damages, including humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial.

114.    In doing the acts alleged herein, Defendants acted willfully, intentionally, fraudulently, oppressively, and maliciously, and in conscious disregard of the rights and safety of Plaintiff. Defendants had in place policies and procedures that supervisors and managing agents were required to follow to prevent unlawful conduct. Instead, Defendants, through their agents and managing agents, consciously chose not to follow these procedures and retaliated against Plaintiff for engaging in protected activity. Plaintiff is informed and believes that Defendants undertook additional acts in furtherance of this scheme, which acts shall become known to Plaintiff through discovery.  As a result, Plaintiff is entitled to an award of exemplary and punitive damages pursuant to Civil Code section 3294 in an amount to be proven at trial.

**PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully prays for judgment against Defendants as follows:

1.    For compensatory special damages, including without limitation, losses of past and future earnings and employment benefits, and past and future medical expenses, in an amount according to proof at trial;

2.    For compensatory general damages, including without limitation, past and future humiliation, embarrassment, anxiety, stress, inconvenience, mental and emotional distress, worry, sleep disturbances, nightmares, panic attacks, migraines, nausea and vomiting, dry heaving, ulcers and stomach pain, jaw clenching, sweating, racing heart, asthma flare-ups, crying spells, depression, loss of enjoyment of life, weight gain, fear, and social withdrawal, in an amount according to proof at trial;

3.    For punitive and exemplary damages in an amount according to proof at trial;

19

COMPLAINT

4. For statutory penalties, pursuant to Labor Code § 1102.5(f), or any applicable statute, in an amount according to proof;

5. For declaratory relief pursuant to Code of Civil Procedure 1060;

6. For reasonable attorneys' fees and costs, as permitted by Labor Code §§ 233, 1102.5(j), Government Code § 12965(c)(6), Code of Civil Procedure § 1021.5, or any other applicable statute, in an amount according to proof;

7. For restitution;

8. For prejudgment interest and post-judgment interest on all sums awarded, including damages;

9. For costs of suit herein incurred; and

10. For such other and further relief as the court may deem just and proper.

Dated: February 20, 2026

FULTON LAW CORPORATION
SHABBAR LAW, PC

/s/ *Sean Shabbar*
Jeffrey Fulton
Sean Shabbar
Attorney for Plaintiff
ANNA HEMSTALK

20
**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff Anna Hemstalk demands a trial by jury for all issues so triable.


Dated: February 20, 2026

FULTON LAW CORPORATION
SHABBAR LAW, PC




/s/ *Sean Shabbar*

Jeffrey Fulton
Sean Shabbar
Attorney for Plaintiff
ANNA HEMSTALK

21
**COMPLAINT**

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 11, 2026


Sean Shabbar
2014 Capitol Ave. Ste. 25
Sacramento, CA 95811

RE:  **Notice to Complainant's Attorney**
CRD Matter Number: 202602-33553912
Right to Sue: Hemstalk / Skywest Airlines, Inc.

Dear Sean Shabbar:

Attached is a copy of your complaint of discrimination filed with the Civil Rights Department (CRD) pursuant to the California Fair Employment and Housing Act, Government Code section 12900 et seq. Also attached is a copy of your Notice of Case Closure and Right to Sue.

**Pursuant to Government Code section 12962, CRD will not serve these documents on the employer.** You must serve the complaint separately, to all named respondents. Please refer to the attached Notice of Case Closure and Right to Sue for information regarding filing a private lawsuit in the State of California. A courtesy "Notice of Filing of Discrimination Complaint" is attached for your convenience.

Be advised that the CRD does not review or edit the complaint form to ensure that it meets procedural or statutory requirements.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

## Civil Rights Department

651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 11, 2026

Anna Hemstalk

,

RE:   **Notice of Case Closure and Right to Sue**
CRD Matter Number: 202602-33553912
Right to Sue: Hemstalk / Skywest Airlines, Inc.

Dear Anna Hemstalk:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 11, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA**
**Civil Rights Department**
**Under the California Fair Employment and Housing Act**
**(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Anna Hemstalk                                                CRD No. 202602-33553912

                                    Complainant,

vs.

Skywest Airlines, Inc.

,

                                    Respondents

_____

**1.** Respondent **Skywest Airlines, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Anna Hemstalk**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **January 31, 2025**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, forced to quit, reprimanded, suspended, denied any employment benefit or privilege, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, forced to quit, suspended, denied any employment benefit or privilege, denied accommodation for a disability.

**Additional Complaint Details:** Ms. Hemstalk was employed as a flight attendant by SkyWest Airlines, Inc. On November 18, 2024, she reported that a lead flight attendant was visibly intoxicated while operating scheduled passenger flights, filing reports internally and with the Federal Aviation Administration. Shortly thereafter, Ms. Hemstalk began experiencing acute stress and anxiety as a result of the incident and the hostile response

-1-
*Complaint – CRD No. 202602-33553912*

Date Filed: February 11, 2026

CRD-ENF 80 RS (Revised 2025/11)

from management. On November 26, 2024, her treating physician prescribed medication and provided a note excusing her from work until December 22, 2024, placing SkyWest on notice of her disability.

Rather than accommodate Ms. Hemstalk's disability or perceived disability, SkyWest retaliated against her for requesting leave, reporting safety violations, and engaging in other protected activity under FEHA. Management berated her for "involving too many people," told her she was "not being viewed as a reliable employee," and pressured her to disregard her physician's restrictions and return to work prematurely. SkyWest's workers' compensation manager also pressured Ms. Hemstalk to forge a signature on an official DWC-1 form, which she refused to do. SkyWest placed her on unpaid leave, denied her health benefits that should have taken effect December 1, 2024, refused to authorize therapy appointments, and pressured her workers' compensation physician to release her to duty despite ongoing medical restrictions. At no point did SkyWest engage in a good-faith interactive process to accommodate her condition.

Ms. Hemstalk alleges that SkyWest's conduct constitutes disability discrimination based on actual and perceived disability, failure to provide reasonable accommodation, failure to engage in the interactive process, retaliation for requesting accommodation and engaging in protected activity, and failure to prevent discrimination and retaliation, in violation of Government Code section 12940, subdivisions (a), (h), (k), (m), and (n). By the end of January 2025, Ms. Hemstalk had been stripped of pay and benefits and was constructively discharged from her employment.

-2-
*Complaint – CRD No. 202602-33553912*

Date Filed: February 11, 2026

CRD-ENF 80 RS (Revised 2025/11)

VERIFICATION

I, **Sean Shabbar**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On February 11, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sacramento, California**

-3-
*Complaint – CRD No. 202602-33553912*

Date Filed: February 11, 2026

CRD-ENF 80 RS (Revised 2025/11)

# EXHIBIT A

STATE OF CALIFORNIA | Business, Consumer Services and Housing Agency                    GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

**Civil Rights Department**
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

February 11, 2026

Anna Hemstalk

,

RE:   **Notice of Case Closure and Right to Sue**
      CRD Matter Number: 202602-33553912
      Right to Sue: Hemstalk / Skywest Airlines, Inc.

Dear Anna Hemstalk:

This letter informs you that the above-referenced complaint filed with the Civil Rights Department (CRD) has been closed effective February 11, 2026 because an immediate Right to Sue notice was requested.

This letter is also your Right to Sue notice. According to Government Code section 12965, subdivision (b), a civil action may be brought under the provisions of the Fair Employment and Housing Act against the person, employer, labor organization or employment agency named in the above-referenced complaint. The civil action must be filed within one year from the date of this letter.

This matter may qualify for CRD's Small Employer Family Leave Mediation Program. Under this program, established under Government Code section 12945.21, a small employer with 5 -19 employees, charged with violation of the California Family Rights Act, Reproductive Loss Leave, or Bereavement Leave (Government Code sections 12945.2, 12945.6, or 12945.7) has the right to participate in CRD's free mediation program. Under this program both the employee requesting an immediate right to sue and the employer charged with the violation may request that all parties participate in CRD's free mediation program. The employee is required to contact the Department's Dispute Resolution Division prior to filing a civil action and must also indicate whether they are requesting mediation. The employee is prohibited from filing a civil action unless the Department does not initiate mediation within the time period specified in section 12945.21, subdivision (b) (4), or until the mediation is complete or is unsuccessful. The employee's statute of limitations to file a civil action, including for all related claims not arising under section 12945.2, is tolled from the date the employee contacts the Department regarding the intent to pursue legal action until the mediation is complete or is unsuccessful. Contact CRD's Small Employer Family Leave Mediation Pilot Program by emailing DRDOnlinerequests@calcivilrights.ca.gov and include the CRD matter number indicated on the Right to Sue notice.

CRD - ENF 80 RS (Revised 2025/11)

STATE OF CALIFORNIA  |  Business, Consumer Services and Housing Agency

GAVIN NEWSOM, GOVERNOR

KEVIN KISH, DIRECTOR

Civil Rights Department
651 Bannon Street, Suite 200 | Sacramento | CA | 95811
1-800-884-1684 (voice) | 1-800-700-2320 (TTY) | California's Relay Service at 711
calcivilrights.ca.gov | contact.center@calcivilrights.ca.gov

After receiving a Right-to-Sue notice from CRD, you may have the right to file your complaint with a local government agency that enforces employment anti-discrimination laws if one exists in your area that is authorized to accept your complaint. If you decide to file with a local agency, you must file before the deadline for filing a lawsuit that is on your Right-to-Sue notice. Filing your complaint with a local agency does not prevent you from also filing a lawsuit in court.

To obtain a federal Right to Sue notice, you must contact the U.S. Equal Employment Opportunity Commission (EEOC) to file a complaint within 30 days of receipt of this CRD Notice of Case Closure or within 300 days of the alleged discriminatory act, whichever is earlier.

Sincerely,

Civil Rights Department

CRD - ENF 80 RS (Revised 2025/11)

**COMPLAINT OF EMPLOYMENT DISCRIMINATION
BEFORE THE STATE OF CALIFORNIA
Civil Rights Department
Under the California Fair Employment and Housing Act
(Gov. Code, § 12900 et seq.)**

**In the Matter of the Complaint of**

Anna Hemstalk                                      CRD No. 202602-33553912
                              Complainant,

vs.

Skywest Airlines, Inc.

,

                              Respondents

_____

**1.** Respondent **Skywest Airlines, Inc.** is an **employer** subject to suit under the California Fair Employment and Housing Act (FEHA) (Gov. Code, § 12900 et seq.).

**2**. Complainant **Anna Hemstalk**, resides in the City of **,** State of **.**

**3**. Complainant alleges that on or about **January 31, 2025**, respondent took the following adverse actions:

**Complainant was discriminated against** because of complainant's disability (physical, intellectual/developmental, mental health/psychiatric) and as a result of the discrimination was terminated, forced to quit, reprimanded, suspended, denied any employment benefit or privilege, denied accommodation for a disability.

**Complainant experienced retaliation** because complainant requested or used a disability-related accommodation and as a result was terminated, forced to quit, suspended, denied any employment benefit or privilege, denied accommodation for a disability.

**Additional Complaint Details:** Ms. Hemstalk was employed as a flight attendant by SkyWest Airlines, Inc. On November 18, 2024, she reported that a lead flight attendant was visibly intoxicated while operating scheduled passenger flights, filing reports internally and with the Federal Aviation Administration. Shortly thereafter, Ms. Hemstalk began experiencing acute stress and anxiety as a result of the incident and the hostile response

-1-
*Complaint – CRD No. 202602-33553912*

Date Filed: February 11, 2026

CRD-ENF 80 RS (Revised 2025/11)

from management. On November 26, 2024, her treating physician prescribed medication and provided a note excusing her from work until December 22, 2024, placing SkyWest on notice of her disability.

Rather than accommodate Ms. Hemstalk's disability or perceived disability, SkyWest retaliated against her for requesting leave, reporting safety violations, and engaging in other protected activity under FEHA. Management berated her for "involving too many people," told her she was "not being viewed as a reliable employee," and pressured her to disregard her physician's restrictions and return to work prematurely. SkyWest's workers' compensation manager also pressured Ms. Hemstalk to forge a signature on an official DWC-1 form, which she refused to do. SkyWest placed her on unpaid leave, denied her health benefits that should have taken effect December 1, 2024, refused to authorize therapy appointments, and pressured her workers' compensation physician to release her to duty despite ongoing medical restrictions. At no point did SkyWest engage in a good-faith interactive process to accommodate her condition.

Ms. Hemstalk alleges that SkyWest's conduct constitutes disability discrimination based on actual and perceived disability, failure to provide reasonable accommodation, failure to engage in the interactive process, retaliation for requesting accommodation and engaging in protected activity, and failure to prevent discrimination and retaliation, in violation of Government Code section 12940, subdivisions (a), (h), (k), (m), and (n). By the end of January 2025, Ms. Hemstalk had been stripped of pay and benefits and was constructively discharged from her employment.

-2-
*Complaint – CRD No. 202602-33553912*

Date Filed: February 11, 2026

VERIFICATION

I, **Sean Shabbar**, am the **Attorney** in the above-entitled complaint.  I have read the foregoing complaint and know the contents thereof. The matters alleged are based on information and belief, which I believe to be true. The matters alleged are based on information and belief, which I believe to be true.

On February 11, 2026, I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

**Sacramento, California**

-3-
*Complaint – CRD No. 202602-33553912*

Date Filed: February 11, 2026

CRD-ENF 80 RS (Revised 2025/11)